## CIRCUIT COURT OF FAIRFAX COUNTY

Diane M. Nevitt

v.

Virginia Heart Surgery
Associates, P.C., et al.

May 28, 1992

Case No. (Law) 109236

By Judge F. Bruce Bach

This matter is before the Court on Nevitt's Motion for Leave to Amend her Motion for Judgment. Oral argument was heard on May 1, 1992. The Court took the matter under advisement to more fully consider the argument of counsel and the briefs of Nevitt and Pediatric Cardiology Associates.

Nevitt seeks to amend the *ad damnum* clause to increase the amount of damages from one million dollars to twenty-five million dollars sought from defendants Virginia Heart Surgery Associates, P.C., the "professional corporation," and Pediatric Cardiology Associates, the "partnership." The legislature has limited the amount of recovery to one million dollars in medical malpractice actions against health care providers. Virginia Code § 8.01-581.15. Health care provider is defined in Code § 8.01-581.1. This cause of action arose in 1988. Professional corporations were added to the definition of health care provider in 1989. The 1991 amendments added partnerships to the definition of health care provider.

In *Richman v. National Health Laboratories*, 235 Va. 353 (1988), the Virginia Supreme Court considered whether a laboratory was a health care provider under Code § 8.01-581.1. In *Richman*, the parties agreed that the laboratory was not licensed by the Commonwealth. Clinical laboratories were not included in the list of persons and facilities enumerated in Code

§ 8.01-581.1. The Court held that the laboratory was not a health care provider under the Virginia Medical Malpractice Act.

> There is nothing about the nature of hospitals and nursing homes which suggests that clinical laboratories, though not mentioned, should nevertheless be included in the statute. Rules of liberal construction cannot properly be applied to rewrite a statute in order to alter what it actually says.

*Id.* at 357.

Nevitt claims that a professional corporation and a partnership are not covered by the one million dollar liability limit in Code § 8.01-581.15 because they were not health care providers under Code § 8.01-581.1 at the time her cause of action arose. She relies primarily on a Circuit Court of the City of Richmond letter opinion by Judge Melvin R. Hughes, Jr., *Taylor v. Richmond Memorial Hosp.*, Case No. LT-3966-3, February 10, 1992. Judge Hughes found that a professional corporation was not a health care provider under Code § 8.01-581.1 prior to the 1989 amendment. Judge Hughes further found that the 1989 amendment adding professional corporations to Code § 8.01-581.1 was not retroactive.

Pediatric Cardiology Associates urges the Court to follow traditional agency law and hold that the partnership, as principal, cannot be held to a greater degree of liability than the health care provider, as agent. The Court finds that traditional rules regarding the liability of the principal, for acts of the agent, are not applicable where the legislature has created an artificial ceiling on the amount of recovery against certain enumerated health care providers in medical malpractice cases.

Based on the decisions in *Richman* and *Taylor*, Nevitt's motion is granted. When this cause of action arose in 1988, neither professional corporations nor partnerships were health care providers under Code § 8.01-581.1. Furthermore, the 1989 amendment adding professional corporations and the 1991 amendment adding partnerships to the definition of health care provider in Code § 8.01-581.1 does not apply retroactively.